IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CAROL E. STEWART                     *
                                     *
          v.                         *    Civil No. JFM-00-2715
                                     *
JERRY WEAST, ET AL.                  *
                                 *****

MEMORANDUM

Plaintiff has brought this action against the Montgomery County Public Schools

("MCPS"). She asserts claims under the ADA and the Montgomery County Code.[1] Plaintiff, a

special education teacher, complains of events that occurred during the 1999-2000 and 2000-

2001 school years. Although plaintiff initially sought injunctive relief running up to the present,

she now concedes that "the accommodation issues have been resolved this year, so the principal

equitable issues involve the moving any remaining negative information from her personnel file,

correction of her leave balance status, assuring non-retaliation, and assuring that she will not

have to float in the future."[2] Plaintiff's Memorandum in Opposition to Motion for Summary

Judgment, at 13.

Discovery has been completed, and defendants have filed a motion for summary

judgment. The motion will be granted.

_____

[1]Having found that plaintiff has no cognizable federal claim, I will decline to exercise
supplemental jurisdiction over novel claims for negligent misrepresentation and fraud she has
asserted under Maryland common law. 28 U.S.C. §1367. If plaintiff wishes to pursue those
claims, she may file an action in the Maryland courts.

[2]It appears clear that a state agency, MCPS has Eleventh Amendment immunity from suit
for monetary damages under the ADA. See Board of Trustees of the University of Alabama v.
Garrett, 531 U.S. 356 (2001). Nevertheless, in this memorandum, I have discussed several issues
that relate solely to a claim for monetary damages since plaintiff has also sued MCPS under the
Montgomery County Code.

The press of other work does not permit me to write an extensive opinion. Instead, I will briefly state the reasons for my decision.

1. The information that plaintiff provided to MCPS during the 1999-2000 school year was not sufficient to establish that she was "disabled" within the meaning of the ADA.

The "major life activities" that plaintiff alleges she could not perform were walking and lifting. "Not every impairment that affects an individual's major life activities is a substantially limited impairment." Knapp v. Northwestern University, 101 F.3d 473, 471 (7th Cir. 1996). In order to meet the ADA's "substantially limits" requirement, an impairment must interfere with a major life activity "considerabl[y]" or "to a large degree." Toyota Mfg., Kentucky, Inc. v. Williams, 122 S. Ct. 681, 691 (2002). Neither Dr. Lopez nor Dr. Prabhakar, who submitted medical statements to MCPS on behalf of plaintiff, delineated with any specificity the extent to which her walking was limited. Such delineation was material since an inability to walk long distances or climb stairs does not in itself substantially limit the persons ability to walk within the meaning of the ADA. See, e.g., Blanton v. Winston Printing Co., 868 F. Supp. 804 (M.D.N.C. 1994); Nedder v. Rivier College, 944 F. Supp. 111 (D.N.H 1996); Banks v. Hit or Miss, Inc., 996 F. Supp. 802 (N.D. Ill. 1998). Likewise, a person is not substantially limited in a major life activity because she is limited to lifting ten to fifteen pounds. Helfter v. UPS, 115 F.3d 613 (8th Cir. 1997); Zarzycki v. United Technologies Corp., 30 F. Supp. 2d 283 (D. Conn. 1998); see also Williams v. Channel Master Satellite Systems, Inc., 101 F.3d 346, 349 (4th Cir. 1996) (a twenty-five pound lifting limitation does not constitute a significant restriction on ones ability to lift).

2. Assuming that plaintiff was substantially limited in major life activities, MCPS engaged in a "flexible, interactive process" in attempting to reasonably accommodate plaintiff.

2

See 29 C.F.R. §1630.9(a). MCPS wrote to plaintiff on numerous occasions (and then directly to Dr. Prabhakar) to obtain the information necessary for it to determine whether plaintiff had a cognizable disability. As stated above, the information plaintiff provided was not sufficient for that purpose. Further, in light of the paucity of information provided, MCPS did not have sufficient information about plaintiff's specific physical abilities and limitations to assess the specific accommodations that must reasonably be made. In any event, MCPS did attempt to accommodate plaintiff by providing her with an elevator key, eliminating her last class period of the day, and suggesting that she work a half day so that she would only have to change classrooms twice. In the face of those accommodations plaintiff merely kept insisting that the accommodations she wanted - either being assigned to a single classroom or being transferred to another school - were the only ones that she would accept.

3. Plaintiff's attempt to excuse her own default in providing sufficient medical information to MCPS by contending that MCPS did not send her for an independent medical examination is unavailing. There is no requirement that an employer take such a step. The burden is upon an employee to provide the employer with the information necessary for making reasonable accommodations decisions.

4. Plaintiff has failed to present any evidence (as she is required to do) that any vacancies that occurred during the 1999-2000 school year should have been offered to her.

5. Plaintiff's focuses her retaliation claim upon her receipt of a negative evaluation, her placement in the peer assistance and review program, threats made to her by Kevin Sawyer, and her being asked on two occasions to assist two wheelchair students in their toileting. A substantial question exists as to whether any of these acts constituted adverse employment actions. See VonGunten v. Maryland, 243 F.3d 858, 865 (4th Cir. 2001). In any event, they are

3

factually unsupported. Although the evaluation of which she complains did contain "needs improvement" and "ineffective" ratings, that is not surprising since plaintiff - who was a probationary, first-year teacher had been absent for most of the first semester for which the evaluation was given. Her placement in the peer assistance and review program followed inevitably from the evaluation. The "threats" of which plaintiff complains did not result in any action being taken against her in any respect. Finally, during the 2000-2001 school year plaintiff was assigned an assistant (just as she was during the 1999-2000 year) to help her lift books, take care of the students, and the like. The mere fact that on one day she was asked to assist in taking a child to the bathroom does not establish retaliation. There is no evidence that the person who told her to assist the child knew of her limitations. Moreover, plaintiff refused to assist the child and no disciplinary action was taken against her.

6. I need not decide whether or not MCPS can be sued under the Montgomery County Code for plaintiff's disability and retaliation claims since I find that the claims fail on the merits. As to plaintiff's claim for national origin discrimination, that claim does not reasonably proceed from plaintiff's disability and retaliation claims. Moreover, the mere fact that Sawyer allegedly told plaintiff that she was "being stubborn because she was from the West Indies and that is the way people from those West Indies are" is not sufficient to establish a claim for national origin discrimination.

7. Plaintiff has stated no cognizable claim, and has presented no evidence against, Jerry Weast, the superintendent of MCPS, whom she has also named as a defendant.

4

A separate order granting defendants' motion is being entered herewith.

Date: October 28, 2002

J. Frederick Motz
United States District Judge